UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADA DOVE,

    Plaintiff,

v.                                Case No: 2:21-cv-205-JLB-NPM

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____

# ORDER

Plaintiff Ada Dove originally filed this personal injury action against her insurer, Defendant USAA Casualty Insurance Company ("USAA"), in Florida state court. (Doc. 1-1.) Her Complaint alleges a claim for underinsured motorist benefits (Count I) and a claim for statutory bad faith under Fla. Stat. § 624.155 (Count II). (Id.) USAA removed the matter to this Court (Doc. 1) and now moves to dismiss Count II because it is premature. (Doc. 3.)[1] Ms. Dove concedes that her bad-faith claim is premature but maintains that abatement, not dismissal, is the appropriate remedy. (Doc. 15.)

It is axiomatic that Ms. Dove cannot maintain her bad-faith claim against USAA unless her first-party action for insurance benefits is resolved in her favor. Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla.

---

[1] USAA also argues that Ms. Dove has not pleaded sufficient facts to support her bad faith claim under the Federal Rules of Civil Procedure.

1991). More specifically, a bad-faith claim "is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract." Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000). Here, as the parties' filings make abundantly clear, district courts are divided over whether the best course of action in handling a premature bad-faith claim is holding the case in abatement or dismissing the bad-faith claim until resolution of the underlying, first-party insurance claim. See Bele v. 21st Century Centennial Ins., 126 F. Supp. 3d 1293, 1295–96 (M.D. Fla. 2015) (collecting cases wherein courts either abate or dismiss unripe bad-faith claim).

Some courts favor abatement because it "offers at least the possibility of increased judicial efficiency for those bad faith claims that do become ripe." Gianassi v. State Farm Mut. Auto. Ins. Co., 60 F. Supp. 3d 1267, 1270–71 (M.D. Fla. 2014) ("[I]t is at least arguable that the cause of judicial efficiency will be served by having the bad faith claim heard in a court that is already familiar with the dispute as a result of having heard the contract claim."). Others dismiss the claim without prejudice, finding that a plaintiff is not "entitled to relief" under Federal Rule of Civil Procedure 8(a). See Fantecchi v. Hartford Ins. Co. of the Midwest, No. 15-23969-CIV, 2015 WL 12516629, at *2 (S.D. Fla. Nov. 24, 2015). Still other district courts dismiss because the bad-faith claim is not justiciable under Article III of the United States Constitution. See Shvartsman v. GEICO Gen. Ins. Co., No. 6:17-cv-437-Orl-28KRS, 2017 WL 2734083, at *1 (M.D. Fla. June 22, 2017) (collecting cases). "Ultimately, the decision of whether to abate or

dismiss without prejudice rests in the sound discretion of the Court." Bele, 126 F. Supp. 3d at 1296 (citing Vanguard Fire & Cas. Co. v. Golmon, 955 So. 2d 591, 595 (Fla. 1st DCA 2006) (per curiam)).

On balance, the Court views dismissal of the bad-faith claim without prejudice as the appropriate remedy. Not only is it unlikely that abatement will preserve judicial economy, but it may even undermine the same. See Terenzio v. LM Gen. Ins. Co., 423 F. Supp. 3d 1354, 1357 (S.D. Fla. 2019) (citing cases). Allowing Ms. Dove to conduct discovery on a claim that is not (and may never become) ripe is a tremendous waste of both the parties' and the Court's resources.[2] Alternatively, reopening discovery after USAA's alleged liability is established— determined, at the earliest, on summary judgment—would "unreasonably delay[] the ultimate resolution of the entire case." Torres v. Safeco Ins. Co. of Ill., No. 8:21-cv-622-KKM-SPF, 2021 WL 1909694, at *2 (M.D. Fla. May 12, 2021) ("[A]batement does not guarantee the orderly and efficient management of the case." (quotation and citation omitted)).[3] For these reasons, the Court in its discretion will dismiss, rather than abate, Ms. Dove's bad-faith claim in Count II.

---

[2] It may also drive various discovery disputes as "a party is not entitled to discovery related to the claims filed or to the insurer's business policies or practices regarding handling of claims" until "the obligation to provide coverage and damages has been determined." State Farm Mut. Auto. Ins. Co. v. Tranchese, 49 So. 3d 809, 810 (Fla. 4th DCA 2010).

[3] There is at least one other strong argument in favor of dismissal over abatement. Ms. Dove notes that the Supreme Court of Florida has recently affirmed "that abatement is an appropriate procedural device" for unripe bad-faith claims. Fridman v. Safeco Ins. Co. of Ill., 185 So. 3d 1214, 1230 (Fla. 2016) (emphasis added). Importantly, the Supreme Court of Florida did not hold that abatement is the only "appropriate procedural device." Id. As such, the Court

Accordingly, it is **ORDERED**:

1. USAA's Motion to Dismiss Count II (Doc. 3) is **GRANTED**.

2. Ms. Dove's statutory bad-faith claim (Count II) is **DISMISSED WITHOUT PREJUDICE** as unripe. (Doc. 1-1 at 3–6.)

3. **On or before June 3, 2021**, Ms. Dove is **DIRECTED** to file an Amended Complaint consistent with this Order.

**ORDERED** at Fort Myers, Florida, on May 20, 2021.

*[Signature]*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

does not read Fridman as endorsing a preference for one procedural mechanism over the other (i.e., abatement in favor of dismissal). Even if the Supreme Court of Florida had endorsed abatement as the sole procedural device in this context, that portion of Fridman's holding "concerns a procedural decision that, here, is governed by federal law." Ralston v. LM Gen. Ins. Co., No. 6:16-cv-1723-Orl-37DCI, 2016 WL 6623728, at *2 (M.D. Fla. Nov. 9, 2016) (citing Shady Grove Ortho. Assocs. P.A. v. Allstate Ins. Co., 559 U.S. 393, 406–07 (2010)). Article III of the Constitution of the United States limits federal courts to adjudicating ripe cases and controversies, not those contingent upon a future event, like resolution of a first-party insurance claim. And "Florida state courts do not have the same jurisdictional requirements as federal courts which prevents federal courts from adjudicating cases that are unripe for review or rest upon contingent future events that may not occur." Diggory v. Safeco Ins. Co. of Ill., No. 2:19-cv-367-FtM-38UAM, 2019 WL 2744479, at *2 (M.D. Fla. July 1, 2019) (citing Nat'l Advertising Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005)); see also Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). And while reasonable minds may disagree over whether an "abatement" constitutes an "'adjudication' within the meaning of Article III, . . . the Court favors the outcome that does not risk running afoul of Article III of the Constitution or the Federal Rules of Civil Procedure." Terenzio, 423 F. Supp. 3d at 1357.